## PALMER v. E. P. BAILEY & CO.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

LIBEL—PLEA OF JUSTIFICATION—GOOD FAITH—EVIDENCE.

In a libel suit, defendant waived all attempts to establish his plea of justification, but offered testimony as to what certain book accounts showed for the sole purpose of showing that said plea was interposed in good faith. *Held*, that such testimony was inadmissible.

Appeal from trial term, Oneida county.

Action by Tyndale Palmer against E. P. Bailey & Co. for libel. From a judgment for plaintiff, and from an order denying plaintiff's motion for new trial on the minutes, plaintiff appeals. Reversed.

The complaint alleges that the defendant published an article on the 3d day of October, 1892, in its columns, duly set out in the complaint. The case was

here upon a former appeal, and in the report thereof found in 12 App. Div. 6, 42 N. Y. Supp. 933, the article appears, as well as the opinion then delivered by this court. The answer contains matters in mitigation, and sets out the circumstances attending the publication of the article. The plaintiff read in evidence a letter prepared in behalf of the defendant before the commencement of the action, suggesting that the article was received from the American Press Association, and that it was received by the defendant "as a part of some telegraphic plate matter furnished by the American Press Association, and was delivered to a number of papers in that form." The letter also stated that the article was printed in an obscure place in the Observer, and contained an averment that it never attracted any notice so as to do the plaintiff any harm. The letter contained the further statement: "But we are always ready to make amends to those who deem themselves injured. We will be pleased to have you submit the matter you speak of. Permit the suggestion, however, that you submit the case to the American Press Association, either New York or Buffalo, and they can put in type and send to their customers—all who published the item—a comprehensive statement covering the whole matter. You will find that newspapers generally mean to be just, and even generous, when an error has been made." No comprehensive statement covering the whole matter was prepared by the plaintiff and furnished to the defendant in accordance with the letter which the defendant transmitted to the plaintiff. At the time of the publication it appears that the circulation of the defendant was about 6,000, and that principally in Utica and its immediate vicinity, although the defendant had a moderate exchange list. The witness, in speaking of such exchange list, said: "They were very largely in New York state; but few outside. We had very few in Pennsylvania,—less than one-half dozen. We had exchanges with the city of Philadelphia, and also in Rome, Oneida, Syracuse, and New York City." Upon the trial now brought in review the plaintiff recovered a verdict of $10, and from the judgment entered thereon the plaintiff has taken this appeal. Numerous exceptions were taken by the plaintiff during the trial, and to the charge as made, and to refusals of requests to charge, which are not deemed important to be stated in detail or reviewed in full. During the trial it appeared that numerous actions had been brought by the plaintiff against other parties publishing the article in question.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

S. R. Ten Eyck, for appellant.
Edward H. Wells, for respondent.

PER CURIAM. Upon the trial the defendant expressly waived all effort to justify the publication of the article mentioned in the complaint. The plaintiff contends that the jury "had a right to pass upon the good faith of the defendant in interposing the plea of justification." To establish the defendant's good faith in making the answer setting up a justification, the defendant called as a witness White, who testified that he visited Rio Janeiro, and made certain investigations in respect to matters mentioned in the article; and in the course of his testimony he stated that on one occasion "we were shown the books containing the expenditures of the company at the time of the organization of the company,—at the time Mr. Palmer was there." He said he reported what he found to the company in Pennsylvania,—the facts. He was then asked this question: "What, if anything, was shown by those books as to the expenditure of the company for the Welsbach light and this gas governor?" This question was objected to as irrelevant and immaterial, and "that it can only be shown by the production of the books themselves." The court

overruled the objection, and the plaintiff excepted.. Plaintiff made a
motion to strike out the evidence of White on the ground that it is.
"irrelevant, immaterial, and incompetent for any purpose." The
court stated: "The motion is granted, so far as the motion is made
generally; but I will receive the evidence simply upon the ground of
the good faith of the defendant in regard to the plea of justification
in this case." Plaintiff excepted. Thus, it is apparent the court al-
lowed the evidence of the witness as to what the books showed. We
think this was error, and that the plaintiff's exception thereto was
well taken. We cannot say the illegal evidence did not harm the
plaintiff. Though he recovered a verdict for $10, he may have been
prejudiced by the improper evidence. The trial judge, in the course
of his rulings made, and in his charge to the jury, allowed the evi-
dence to be considered upon the question of good faith of the defend-
ant in setting up a justification of the publication. The case is bar-
ren of evidence to show express malice in the defendant in publishing
the article, yet we cannot say that the rulings made to which we have
alluded worked no harm to the plaintiff. Therefore a new trial must
be ordered.

Judgment and order reversed, and a new trial ordered, with costs
to abide the event.